UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

ARTHUR D'AMARIO,                )
                                )
                                )
v.                              )     Civil No.   1:06-cv-00131 –T-(R.I.)
                                )
                                )     Civil No.   06-93-P-H (ME)
UNITED STATES OF AMERICA,   )
                                )
                                )

### RECOMMENDED DECISION ON
### PETITION FOR WRIT OF ERROR *CORAM NOBIS*

Arthur D'Amario, an inmate at the Federal Detention Center in Philadelphia,

Pennsylvania, has filed a petition for a "writ of error coram nobis" attacking his

conviction in the District of Rhode Island, United States v. D'Amario, 99-024 (D.R.I.)

(Docket No. 1, Attach. 2).  Black's Law Dictionary defines coram nobis, firstly, as, "A

writ[1] of error[2] taken from a judgment of the King's Bench."  Black's Law Dictionary 362

(8th Ed. 1999).  Coram nobis is Latin for "before us," which "refers to the sovereign in

contrast to the writ of coram vobis ("before you"), which refers to any court other than

King's Bench, esp. the Court of Common Pleas."  Id.  Black's alternative definition of the

term is, "A writ of error directed to a court for review of its own judgment and predicated

on alleged errors of fact."  Id.

D'Amario's petition was filed in the District of Rhode Island and referred to the

---

[1]      A "writ" is: "A court's written order, in the name of a state or other competent legal authority,
commanding the addressee to do or refrain from doing some specified act.  Black's Law Dictionary 1640
(8th Ed. 1999).
[2]      "Error" in this context is: "A mistake of law or of fact in a tribunal's judgment, opinion, or order."
Black's Law Dictionary 582.

District of New Hampshire, all the judges of the District of Rhode Island having been recused.[3]   The case was then transferred here to the District of Maine, all the judges of the District of New Hampshire having likewise been recused. I have screened this pleading pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings and I recommend that the Court summarily dismiss the petition.

## Discussion

D'Amario's challenge focuses primarily on the search warrant obtained by Sergeant Collins and Lieutenant Bussiere of the Attleboro Police Department, (Pet. at 3; IFP Mot. at 1 ¶ 3[4]),  but he also complains of the conduct of an FBI document expert (Pet. at 3-4), and asserts his defenses of insufficient "fair warning" and his "innocent possession" (Pet. at 4-5). There is no question in this case that D'Amario is lodging an attack on the validity of his Rhode Island conviction, as he makes this crystal clear in the opening paragraph of his petition.  (Id. at 1.)  D'Amario acknowledges that he has already filed an unsuccessful 28 U.S.C. § 2255 motion challenging this same conviction (see D'Amario v. United States, Civ. No. 01-00097-S (D.R.I.), Civ. No. 05-216-P-H (D. Me.)) and he recognizes that he is barred from filing a second or successive § 2255 motion

---

[3]        There is, then, an irony in D'Amario's choice of this writ of error coram nobis  as an alternative to a 28 U.S.C. § 2255 motion; there is such a tortured history between D'Amario and the Rhode Island District Court in which he was convicted and sentenced that the judges sitting on that (non-monarchical) bench have concluded that, to assure that there is no perception of prejudice or conflict of interest, it was necessary to recuse themselves from adjudicating this petition.

[4]        In his motion to proceed in forma pauperis, D'Amario indicates:

> I intend to argue and prove that the crime described in the Feb. 8, 1999, search warrant application of the Attleboro Police Dept. was committed by Sgt. Collins and Lt. Bussiere of the APD, and covered up by my ex-lawyers and ex-FBI document "expert" Alan T. Robillard; that upon  submission of the evidence that Bussiere's DNA is under the stamps, my conviction in USA v. D'Amario, No. CR 99-024 (DRI), must be expunged.

(Id.)

(without first obtaining leave from the First Circuit Court of Appeals) and that 28 U.S.C.

§ 2241 is not an appropriate vehicle for his claims. (Pet. at 2.)[5]

In his order both granting D'Amario in forma pauperis status and recusing

himself, District of New Hampshire Chief Judge McAuliffe explained:

> Petitioner seeks, by writ of error coram nobis, to challenge his criminal conviction in the District of Rhode Island (United States v. D'Amario, No. 99-024), arguing that he is entitled to relief under the Rhode Island Constitution. ....
>
> The writ of coram nobis is an "extraordinary remedy" which may be issued only when necessary "to achieve justice." United States v. Morgan, 346 U.S. 502, 511 (1954); see United States v. Michaud, 925 F.2d 37, 39 (1st Cir.1991). In general, the writ is not available to a petitioner when another statutory remedy exists. See United States v. Barrett, 178 F.3d 34, 54 (1st Cir.1999); see also Carlisle v. United States, 517 U.S. 416, 429 (1996). Here, petitioner can challenge his conviction and sentence and obtain the relief he seeks pursuant to 28 U.S. § 2255. Barrett, 178 F.3d at 54-55; see Matus-Leva v. United States, 287 F.3d 758, 761 (9th Cir.2002).
>
> Petitioner correctly points out that he has already unsuccessfully filed petition(s) for relief under § 2255, and says, for that reason, relief is not available to him under § 2255. In addition, it appears that he is now well past the applicable filing deadline. But the unavailability of § 2255 relief in a specific case (e.g., because of the second or successive petition hurdle) does not mean that a petitioner can obtain similar or identical relief by writ of error coram nobis that could have been sought under § 2255 if properly invoked. See Barrett, 178 F.3d at 55 ("[t]he writ of coram nobis may not be used to circumvent the clear congressional directive embodied in the "second or successive" provisions of § 2255").
>
> This petition appears to be facially no different from a successive petition for relief under § 2255, and, as such, petitioner will likely have to obtain leave from the court of appeals before he may pursue it. See 28 U.S.C. §§ 2255, 2244(b)(3)(A).
>
> Ordinarily this court would either dismiss the petition or transfer it to the court of appeals for consideration as a second or successive petition under § 2255. But I am given some pause by this petitioner's history. The undersigned was designated to preside over the criminal conviction petitioner is challenging in this case, after the district judges in Rhode Island, and, later, Judge DiClerico of this district, recused. All district judges in Rhode Island have again recused themselves from this civil

---

[5]     D'Amario has also filed a civil rights action against his probation officer, which wound its way from the District of Texas and the District of Rhode Island to this District.  (See Civ. No. 04-232-P-H.)

matter, and, because I last presided over the challenged criminal case, it has been assigned to me.

I have examined the pertinent history and, although I do not think recusal is required, it is, nevertheless, appropriate. Since the challenged conviction, petitioner has also been convicted, in a separate case, of criminally threatening Judge DiClerico. His supervised release terms in each case expose him to similar sanctions. I previously recused myself in a combined supervised release violation case involving petitioner, because my colleague, Judge DiClerico, was directly involved as a victim. In this civil matter, petitioner's main claim is that provisions of the Rhode Island Constitution entitle him to relief from his federal conviction and sentence. But, he also invokes alleged errors by Judge DiClerico, and, given the close relationship between this case and petitioner's criminal threatening case, he and the public would be better served by having the matter presented to a district judge who is not a colleague on the same court as Judge DiClerico.

Accordingly, I recuse myself. As the other judges are also recusing, the case will be transferred to the District of Maine.

D'Amario v. United States, 06-DS-145-SM, 2006 WL 1174292, *1 -2 (D.N.H. May 1, 2006).

Barrett certainly counsels that D'Amario's grounds are not pursuable through a petition for a writ of error coram nobis. 178 F.3d 34, 55 -57 & n. 20.   As more recently observed by Seventh Circuit Judge Easterbrook, addressing a similar effort to end-run the Antiterrorism and Effective Death Penalty Act (AEDPA) limitations on § 2255 relief in Melton v. United States:

Prisoners cannot avoid the AEDPA's rules by inventive captioning. See, e.g., Owens v. Boyd, 235 F.3d 356 (7th Cir.2000) (application for coram nobis); United States v. Evans, 224 F.3d 670 (7th Cir.2000) (use of Rule 33 based on matters other than newly discovered evidence of innocence). Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 ¶ 1, is a motion under § 2255, no matter what title the prisoner plasters on the cover. See, e.g., Ramunno v. United States, 264 F.3d 723 (7th Cir.2001). Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference. It is substance that controls. See Thurman v. Gramley, 97 F.3d 185, 186-87 (7th Cir.1996).

4

359 F.3d at 857.  See also, e.g., United States v. Noske, 235 F.3d 405, 406 (8th 2000)

Although the claims in D'Amario's petition are substantively within the scope of § 2255, in the instant case it would not be appropriate to transfer the petition in search of the First Circuit's leave to file a second and successive § 2255; D'Amario has expressly disavowed an intent to proceed down that avenue apropos this pleading.

Accordingly pursuant to Barrett and Rule 4(a) of the Rules Governing Section 2255 Proceedings,[6] D'Amario's petition should be summarily dismissed.

### Conclusion

For the reasons above, I recommend that the Court summarily dismiss D'Amario's petition for a writ of error coram nobis.

### NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof.  A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

May 31, 2006.

/s/Margaret J. Kravchuk
U.S. Magistrate Judge

---

[6]     Just as D'Amario cannot evade the statutory limitations imposed on § 2255 motions by creative labeling, he cannot skirt the screening procedures applicable to § 2255 proceedings by such inventiveness.